IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEANNA S. ADAMO,

    Plaintiff,

v.                                   Civ. No 15-971 JB/GBW

RAYMOND L. ROMERO, *et al.*,

    Defendants.

## ORDER GRANTING MOTION FOR LEAVE TO FILE RESPONSE/OBJECTION TO PETITION FOR WRIT OF MANDAMUS

THIS MATTER is before the Court pursuant to a request for leave of the Court to file an untimely Response/Objection to Petitioner's petition for a Writ of Mandamus by Defendants Scott London and Ernest Mendoza (collectively "Sheriff's Office Defendants"). *Doc. 49*. Plaintiff opposes the motion on the basis that the Sheriff's Office Defendants failed to provide all requested information as required by law. *Doc. 57*. For the reasons stated below, the Court finds Defendants' motion is well-taken and should be granted.

The Federal Rules of Civil Procedure provide the Court with broad discretion to grant extensions for a party to file answers or other responsive pleadings. *See* Fed. R. Civ. P. 6(b); *Hardee v. Baer*, No. CIV 04-0097 JB/WDS, 2004 WL 3426119, at *3 (D.N.M. June 14, 2004). Under these guidelines, the Court may allow the filing of untimely responses where the moving party can demonstrate that failure to file was the result of excusable neglect. *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380,

391 (1993); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990).  To determine whether neglect by the moving party was excusable, the Court looks to several standard factors, including: the danger of prejudice to the nonmoving party; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was in the reasonable control of the moving party; and whether the moving party acted in good faith.  *Pioneer*, 507 U.S. at 395; *Stringfellow v. Brown*, 105 F.3d 670, 1997 WL 8856 at *1(10th Cir. 1997) (unpublished).

In this case, each of the excusable factors favors the moving party.  While Plaintiff has zealously disputed the merits of whether the Sheriff's Office Defendants have fully complied with their disclosure obligations, she has made no contention as to how she would be prejudiced by merely allowing the Sheriff's Office Defendants to respond to her petition.  *See generally doc. 57*.  The Court's review of the record similarly revealed no plausible scenario of prejudice to Plaintiff by simply allowing the issue to be briefed.  As to the second factor, the Court finds that the two-month delay between the filing deadline and the present motion is not unreasonable under the circumstances.  *See, e.g., Blake v. Principi*, No. CIV.A. H-04-1068, 2008 WL 4889118, at *2 (S.D. Tex. Nov. 12, 2008) (finding two-month delay not unduly long in the context of excusable neglect analysis); *Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-CV-00904, 2008 WL 545018, at *1 (S.D. Ohio Feb. 25, 2008) (allowing untimely answer for excusable neglect where delay was slightly more than two months).  Further, given the fact that many Defendants have not yet even filed answers, allowing a response will have a negligible effect on the overall timing of judicial proceedings.

With regard to the third factor, the Sheriff's Office Defendants claim that they never received Plaintiff's inspection of public records request, a required pre-requisite for access to public records under New Mexico Law.  *See doc 49* at 1-2; N.M. Stat. Ann. § 14-2-8.  In support of this contention, the Sheriff's Office Defendants point out that the April 7, 2015 request which Plaintiff mailed did not list the correct address for the Eddy County Sheriff's Office.  *Doc 49* at 2; *doc. 57* at 18-19.  In her response, Plaintiff does not contest this factual assertion.  *See generally doc. 57*.  As such, Sheriff's Office Defendants were not made aware of Plaintiff's request for public records until November 23, 2015. *See doc. 49* at 2; *doc. 4*.  Thereafter, the Sheriff's Office Defendants' counsel provided copies of the requested Oaths and Bonds for Scott London, D. Kent Waller and Ernest Mendoza to Plaintiff.  *Doc. 49* at 2.  Plaintiff does not dispute that these documents were produced in response to her request, though she asserts that these voluntary disclosures are not complete enough to satisfy the Sheriff's Office Defendants' obligations.  *Doc. 57* at 2.  In light of these undisputed assertions, the Court finds that the Sheriff's Office Defendants' reason for delay was legitimate and the circumstances were outside their control, as they could not have known that Plaintiff would be unsatisfied with the scope of their disclosures provided in response to her Writ.

Finally, the Court concludes that the Sheriff's Office Defendants acted in good faith.  As noted above, the Sheriff's Office Defendants did not receive the public records request sent by Plaintiff and therefore did not believe they were under any legal obligation to provide the information sought.  *See doc 49* at 1-2; N.M. Stat. Ann. § 14-2-8. Nonetheless, Scott London, D. Kent Waller, and Ernest Mendoza turned over the Oaths

and Bonds that Plaintiff requested. *See doc 49* at 2; *doc 57* at 2. While the sufficiency of their disclosures remains in dispute, the Sheriff's Office Defendants' act of voluntarily releasing responsive information, despite their belief that they were not obligated to do so, demonstrated good faith attempts to resolve the matter with Plaintiff.

For these reasons, the Court concludes that the Sheriff's Office Defendants' failure to timely respond to Plaintiff's Writ of Mandamus is the result of excusable neglect.

IT IS THEREFORE ORDERED that Defendant Scott London's and Defendant Ernest Mendoza's request for leave to file a Response/Objection to Petitioner's petition for a Writ of Mandamus (*doc. 49*) is GRANTED. The Sheriff's Office Defendants will have until March 28, 2016, to respond and/or object to the Writ.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE