IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEANNA S. ADAMO,

        Plaintiff,

v.                                                                                      Civ. No. 15-971 JB/GBW

RAYMOND L. ROMERO, *et al.*,

        Defendants.

## ORDER REGARDING FILINGS

Before the Court are Plaintiff's Motion for Leave to File Sur-Reply (*doc. 59*),[1] Plaintiff's Motion for Leave to File Sur-Reply (*doc. 61*),[2] and Defendants Motion to Strike (*doc. 64*).

Under Local Rule 7.4(b), "[t]he filing of a surreply requires leave of the Court." D.N.M.LR-Civ 7.4(b).  A motion for leave to file a surreply should be granted where the moving party, in a reply brief, presents legal arguments or evidence not proffered in the original motion.  *See Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).

In neither of Plaintiff's motions does she allege that Defendants in their reply brief "present[ed] legal arguments or evidence not proffered in the original motion." *Id.* As such, there is no basis for permitting a surreply.  Thus, both motions for leave to file surreply are hereby denied.  Plaintiff, however, did not wait for leave of court to file her

---

[1] This motion relates to the briefing for Defendants' motion to dismiss at *doc. 20*.
[2] This motion relates to the briefing for Defendants' motion to dismiss at *doc. 7*.

1

surreplies.  *See docs. 60, 62*.  Nonetheless, they have been marked as "filed in error" and will not be considered by the Court when ruling on the motions to dismiss.

Moreover, Plaintiff filed a third surreply for which she never sought leave.  *See doc. 7* (motion to dismiss), *doc. 38* (Plaintiff's response), *doc. 44* (reply), *doc. 56* (surreply entitled "rebuttal").  As this filing lacked leave of the court, it also will not be considered.

Given that the offending filings (*docs. 56, 60, 62*) will not be considered, Defendants' motion to strike them will be denied as moot.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
United States Magistrate Judge