IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEANNA S. ADAMO,

     Plaintiff,

v.                                     Civ. No. 15-971 JB/GBW

RAYMOND L. ROMERO, *et al.*,

     Defendants.

## REPORT AND RECOMMENDATIONS

     This matter is before the Court on: Defendants Blaine Rennie's and Sergeant FNU Burns' Motion to Dismiss (*doc. 7*); Defendant Michael Brookreson's Motion to Dismiss (*doc. 20*); Defendants Lisa Keyes', Stephanie Legaretta's, Lee Whitis', and Anna Martinez's Motion to Dismiss and Motion for Summary Judgment in favor of the Department of Homeland Security (*doc. 42*); and Defendants Scott London's and Ernest Mendoza's Response and Objections to Plaintiff's Petition (*doc. 69*).  Having reviewed the parties' accompanying briefing on these matters and being fully advised, I recommend that the Court grant the Motions.

### I.    PROCEDURAL POSTURE

     Plaintiff Jeanna Adamo, proceeding *pro se*, filed a Complaint against various federal, state, and local law enforcement officials alleging their failure to comply with public records requests, as required under the federal Freedom of Information Act

("FOIA") and the New Mexico Inspection of Public Records Act ("IPRA").[1] *See generally doc. 1.*

Plaintiff initiated suit in this Court on October 26, 2015. *Doc. 1.* On December 21, 2015, Defendants Blaine Rennie and Sergeant FNU Burns (collectively, "Carlsbad Defendants") filed an amended Motion to Dismiss for lack of subject matter jurisdiction. *Doc. 7.* On January 7, 2016, Defendant Michael Brookreson, a former Las Cruces police officer, moved to dismiss for lack of subject matter jurisdiction and insufficient service of process. *Doc. 20.* On February 1, 2016, Defendants Lisa Keyes, Stephanie Legaretta, Lee Whitis, and Anna Martinez (collectively, "Federal Defendants") filed a motion and supporting memorandum seeking dismissal for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. *See docs. 42, 43.* This motion also sought summary judgment on behalf of the Department of Homeland Security ("DHS"), to whom Federal Defendants assert Plaintiff's FOIA claim should have been addressed. *Id.*

---

[1] Plaintiff characterized her suit solely as a Petition for a Writ of Mandamus. *Doc. 1.* A party seeking issuance of a Writ of Mandamus must demonstrate that there is no other adequate remedy available. *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990). IPRA explicitly provides that a Writ of Mandamus is an appropriate vehicle for obtaining relief. N.M. Stat. Ann. § 14-2-12(B). However, FOIA provides an independent statutory remedy in the form of a civil action against the applicable agency to compel disclosure of records. *See* 5 U.S.C. § 552(a)(4)(B). Accordingly, the Petition for Writ of Mandamus is improper with regard to Plaintiff's FOIA claims. *See Evans v. McConnell*, No. CIV.A 08-97J, 2009 WL 1913293, at *3 (W.D. Pa. July 2, 2009) ("[T]he proper vehicle for FOIA enforcement is a civil lawsuit under FOIA and not a petition for writ of mandamus."). Nonetheless, construing the filing with the leniency afforded *pro se* parties, the Court interprets Plaintiff's submitted document as a civil complaint for the FOIA relief sought. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

On February 11, 2016, Defendants Scott London and Ernest Mendoza (collectively, "Eddy County Defendants") filed a Motion seeking leave to file a Response/Objection to Plaintiff's Writ of Mandamus.  *Doc. 49*.  This Court granted the motion (*see doc. 67*) and Eddy County Defendants filed their Response on March 24, 2016, seeking denial of the writ on the basis of mootness and lack of subject matter jurisdiction.  *See doc. 69*.

## II.   FACTUAL ALLEGATIONS

Plaintiff is a New Mexico resident domiciled in Carlsbad, Eddy County.  *Doc. 1* at 4.  On or about April 7, 2015, Plaintiff submitted a "Praecipe" to various  identified law enforcement officers allegedly involved in the execution of "Search Warrant SW-2012-1, issued June 13, 2012, carried out at 504 Oakwood Drive, Carlsbad, New Mexico on June 19, 2012; and Case Nos: M-17-FR-2013-00129 and D-503-CR-2Q14-00198."  *Doc. 1* at 4, 14.  This document was identified as a request pursuant to FOIA, 5 U.S.C. § 552, and IPRA, N.M. Stat. § 14-2, seeking certified copies of each official's "oaths of office", "bonds underwriting the oaths and duties" of office, and "all qualifications required under the New Mexico Constitution" in order for those officials to "affirmatively prove" their authority to act as government officers and agents.  *Id.* at 15, 17.

As of the filing of her Complaint, Plaintiff asserted that she had "received oaths of office from a few of the respondents, but none have supplied all of the [] requested documents."  *Id.* at 4.  Concluding that Defendants "refused to respond to the FOIA and

public records request," Plaintiff brought the present action.  *Id*.  Plaintiff seeks

injunctive relief in the form of an order requiring Defendants to "produce all necessary

and required Oaths, Qualifications and Bonds," and also seeks compensatory redress

"for [her] time and effort and for any and all attorney['s] fees incurred within this

action."  *Id.* at 5.

### III.    FEDERAL DEFENDANTS' MOTION TO DISMISS

Federal Defendants assert that Plaintiff's FOIA claims should be dismissed

against them on the basis that FOIA only creates a right of action against a federal

agency itself, not the individuals employed by such agency.  *Doc. 43* at 1-5.  Federal

Defendants claim that because of this deficiency in pleading, the allegations do not fall

within the Court's subject matter jurisdiction and the Complaint fails to state a claim

upon which relief can be granted.  *Id.* at 3-4.  Plaintiff responds that Federal Defendants'

attempts to avoid disclosure of the requested information violate the spirit of

transparency and cooperation which FOIA was intended to embody.  *Doc. 58* at 1-2.

Plaintiff also claims that the requested documentation did not fall within any exemption

to FOIA's disclosure requirements, emphasizing her belief that an officer's or agent's

failure to have their oath, bond, and qualifications on file undercuts their authority to

perform their official duties.  *Id.* at 2-5.  Ultimately, I recommend concluding that the

Court does not possess jurisdiction and Plaintiff has failed to state a claim for relief,

entitling Federal Defendants to dismissal.

## A.  Legal Standard

### i.  Motions to Dismiss under Rule 12(b)(1)

"A 12(b)(1) motion is the proper avenue to challenge the court's subject matter jurisdiction, and Rule 12(h)(3) requires that '(w)henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" *Barnson v. United States*, 531 F. Supp. 614, 617 (D. Utah 1982).  Such motions may take one of two forms.  First, "a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint."  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  In reviewing motions of this type, "a district court must accept the allegations in the complaint as true."  *Id*.  Second, "a party may go beyond allegations contained in the complaint and challenge facts upon which subject matter jurisdiction depends.  *Id*.  In evaluating motions brought under the second form, the Tenth Circuit explained:

> When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.  A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

*Id.* (internal citations omitted).  Accordingly, this Court reviews the face of the complaint and any relevant external materials to determine whether Plaintiff has presented claims within the Court's jurisdiction, a necessary prerequisite for adjudication on the merits.  Fed. R. Civ. P. 12(b)(1); *see also Fleming v. Gutierrez*, 785 F.3d

442, 444 (10th Cir. 2015) (holding that lack of subject matter jurisdiction precludes reaching the merits of a dispute).

### ii.   Motions to Dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief.  Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations in the complaint and must view them in the light most favorable to the nonmoving party.  *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Id*.

To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason

to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

The court need only evaluate allegations "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.   Further, the court is not required to accept conclusions of law or the asserted application of law to the alleged facts. *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994).  Following these principles, the Court considers whether the facts "plausibly give rise to an entitlement to relief." *Barrett v. Orman*, 373 F. App'x 823, 825 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677-78).

### iii.   *Pro se* Pleadings

The Court notes that pleadings submitted by an individual proceeding *pro se* are held to a less stringent standard than those prepared by attorneys.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A "pro se document is to be liberally construed," and can be dismissed for failure to state a claim only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). "This liberal construction, however, will not relieve plaintiff of his burden of presenting sufficient facts to state a legally cognizable claim." *White v. State of Colo.*, 82 F.3d 364, 366 (10th Cir. 1996); *see also Hall*, 935 F.2d at 1110.

### B.  Analysis

As noted, Plaintiff brought suit against several individuals identified as employees of DHS in order to compel production of information relating to their oaths, bonds, and qualifications as law enforcement officers.  *See doc. 1* at 1-2, 4.   Federal Defendants assert that, because FOIA creates neither a right of action against individuals employed by a federal agency nor a right to monetary damages, Plaintiff's claims against them should be dismissed.

FOIA "vests jurisdiction in federal district courts to enjoin an 'agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'"  *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)).  As a result, "federal jurisdiction [under FOIA] is dependent upon a showing that *an agency*" has improperly withheld its records.  *Kissinger*, 445 U.S. at 137-38 (emphasis added).  FOIA specifically defines agency to include "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency."  5 U.S.C. § 552 (f)(1).  Thus, FOIA does not vest this Court with jurisdiction to compel individually-named federal employees to produce requested documents, nor does it allow the award of compensatory relief for failure to do so.  *Id.* § 552(a)(4)(B); *see also Martinez v. Bureau of*

*Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (finding dismissal of named defendants proper on the basis that FOIA "concern[s] the obligations of agencies as distinct from individual employees in those agencies"); *Cunningham v. U.S. Dep't of Justice*, 961 F. Supp. 2d 226, 240 (D.D.C. 2013) ("[I]n FOIA cases, individual federal employees are not proper parties; only *agencies* in the *executive* branch of the Government.").

Plaintiff's claim under IPRA is equally inapplicable to Federal Defendants.  As an initial matter, the undersigned is skeptical that such a state law action could be maintained against either a federal agency or federal employees acting within the scope of their employment.  *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Harbury v. Hayden*, 444 F. Supp. 2d 19, 28 (D.D.C. 2006), *aff'd*, 522 F.3d 413 (D.C. Cir. 2008) (holding that federal employees acting within the scope of employment are immune from state law tort and common law suits).  In addition, IPRA by its very terms limits the right of action to those seeking "public records of this state" held or maintained on behalf of a "public body," defined as "the executive, legislative and judicial branches of state and local governments . . . ."  N.M. Stat. Ann. §§ 14-2-1 (A); 14-2-6 (F).

For these reasons, I find that Plaintiff has failed to state a claim and the Court does not possess subject matter jurisdiction over Plaintiff's FOIA and IPRA claims against Federal Defendants.  Accordingly, I recommend that their motion to dismiss be

granted.  Nonetheless, in light of the liberal construction to which Plaintiff is entitled as a *pro se* litigant, I recommend proceeding to address the motion for summary judgment to determine if Plaintiff could prevail on a proper FOIA suit against DHS.

### IV.    MOTION FOR DISMISSAL/SUMMARY JUDGMENT ON BEHALF OF DHS

In addition to seeking dismissal on behalf of themselves, Federal Defendants also assert that DHS, the proper defendant with regard to Plaintiff's FOIA claim, is entitled to summary judgment.  *Docs. 42, 43* at 5-8.  Federal Defendants claim that the agency has complied with its statutory burden by conducting a search reasonably calculated to uncover any responsive records and by thereafter providing Plaintiff with a response stating the exemption under which the records were withheld.  *Doc. 43* at 5-8.  Federal Defendants alternatively claim that summary judgment is warranted due to Plaintiff's failure to exhaust her administrative remedies, as they assert that she has not filed a proper request or utilized the administrative appeals process upon receiving a response.  *Id.* at 1-2, 7-8.

As noted, Plaintiff responds that refusal to provide the requested information violates FOIA's spirit of transparency and asserts that the requested documentation does not fall within any exemption to FOIA's disclosure requirements.  *Doc. 58* at 1-5. Ultimately, I find that no material factual dispute precludes DHS' entitlement to judgment as a matter of law and recommend that summary judgment be granted in its favor on the basis of Plaintiff's failure to exhaust.

### A.  Legal Standard

Summary judgment is appropriate where the moving party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant bears the initial burden of "show[ing] 'that there is an absence of evidence to support the nonmoving party's case.'"  *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (internal quotation marks omitted)).  Once the movant meets this burden, the non-moving party is required to designate specific facts showing that "there are . . . genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex*, 477 U.S. at 324.

The Court's role is not to weigh the evidence or determine credibility, but rather merely to assess the threshold issue whether a genuine issue exists as to material facts requiring a trial.  *See Anderson*, 477 U.S. at 249, 255.  "[T]o survive the . . . motion, [the nonmovant] need only present evidence from which a jury might return a verdict in his favor."  *Id.* at 257.  Further, the Court must resolve reasonable inferences and doubts in favor of the non-moving party, and construe evidence in the light most favorable to the non-moving party.  *See Hunt v. Cromartie*, 526 U.S. 541, 551–54 (1999).  However, "viewing the evidence in the light most favorable to the nonmovant, it is not enough

that the evidence be merely colorable or anything short of significantly probative."

*Hall*, 935 F.2d at 1111 (internal quotations omitted); *see also Anaya v. CBS Broad. Inc.*, 626

F. Supp. 2d 1158, 1197 (D.N.M. 2009) ("The mere existence of a scintilla of evidence will

not avoid summary judgment.").

### B.  Analysis

#### 1.  *Disclosure Review Under FOIA*

FOIA cases are typically and appropriately decided on motions for summary

judgment.  *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir.1993); *Rushford v. Civiletti*, 485

F.Supp. 477, 481 n. 13 (D.D.C.1980), *aff'd, Rushford v. Smith*, 656 F.2d 900 (D.C.Cir.1981).

"When an action is brought under [] FOIA to obtain information in the possession of a

government agency, the district court must review de novo the agency's decision not to

disclose the requested materials."  *Anderson v. Dep't of Health & Human Servs.*, 907 F.2d

936, 941 (10th Cir. 1990).  Here, the parties disagree over whether the information

sought falls within one of the FOIA exemptions enumerated in § 552(b).  *See doc. 43* at 2,

6-7; *doc. 58* at 4-5.  However, the Court need not resolve this issue, as it is clear DHS is

entitled to judgment as a matter of law due to Plaintiff's failure to exhaust

administrative remedies.

#### 2.  *Exhaustion of Administrative Remedies Under FOIA*

While Federal Defendants frame this issue as the absence of a justiciable case or

controversy necessary for jurisdiction, courts have held that a challenge to exhaustion

under FOIA is a jurisprudential consideration, rather than a jurisdictional requirement.
*See Hull v. I.R.S., U.S. Dep't of Treasury*, 656 F.3d 1174, 1181-82 (10th Cir. 2011); *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003); *Taylor v. Appleton*, 30 F.3d 1365, 1370 n. 3 (11th Cir. 1994).  Stated differently, FOIA's exhaustion of administrative remedies requirement "perform[s] a function similar to the judicial doctrine of ripeness by postponing judicial review."  *Taylor*, 30 F.3d at 1370 n. 3 (quoting *Dresser Indus., Inc. v. United States*, 596 F.2d 1231, 1238 (5th Cir. 1979)); *see also Morgan v. McCotter*, 365 F.3d 882, 890 (10th Cir. 2004) ("though rooted in the 'cases and controversies' requirement of Article III, the ripeness doctrine also reflects important prudential limitations on a court's exercise of jurisdiction").

Notwithstanding this distinction, the exhaustion requirement is typically considered a mandatory prerequisite to filing suit under FOIA.  *See Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004) (per curiam); *Taylor*, 30 F.3d at 1370 n. 3; *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979).  The exhaustion requirement exists "so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision."  *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990); *see also Steele v. United States*, 799 F.2d 461, 466 (9th Cir. 1986).  Accordingly, failure to exhaust administrative remedies serves as a bar to judicial review and warrants dismissal of claims as a matter of law.  *See, e.g., Hidalgo*, 344 F.3d at 1258-60; *Flaherty v. President of U.S.*, 796 F. Supp. 2d 201, 207 (D.D.C. 2011);

*Evans v. McConnell*, No. CIV.A 08-97J, 2009 WL 1913293, at *3 (W.D. Pa. July 2, 2009).

Where a FOIA request "is not made in accordance with the published regulations, the

FOIA claim is subject to dismissal for failure to exhaust administrative remedies, as the

failure to comply with an agency's FOIA regulations for filing a proper FOIA request is

the equivalent of a failure to exhaust." *Calhoun v. Dep't of Justice*, 693 F. Supp. 2d 89, 91

(D.D.C. 2010), *aff'd sub nom. Calhoun v. U.S. Dep't of Justice*, No. 10-5125, 2010 WL

4340370 (D.C. Cir. Oct. 19, 2010) (internal quotation marks omitted); *see also Tereshchuk*

*v. Bureau of Prisons*, 851 F. Supp. 2d 157, 162 (D.D.C. 2012).

Here, undisputed facts in the record establish that Plaintiff did not comply with

DHS' FOIA regulations in submitting her request for information.  On April 7, 2015,

Plaintiff mailed her FOIA requests to various individual employees of DHS at their

places of employment, various field offices of Immigration and Customs Enforcement

("ICE") and the Border Patrol, located in Las Cruces and El Paso.  *Doc. 1* at 8, 13-17; s*ee*

*also doc. 58* at 3, 8-12.  However, DHS regulations require that requests be made directly

to the "[Department] component's central FOIA office" that maintains those records.

*See* 6 C.F.R. § 5.3(a).  In this case, requests regarding ICE agents should have been made

to directly to the agency component and addressed to: FOIA Officer Catrina Pavlik-

Keenan, 500 12th Street, SW, Stop 5009, Washington, D.C. 20536.  *See* Department of

Homeland Security, *FOIA Contact Information*, https://www.dhs.gov/foia-contact-

information (Last Published Date: April 13, 2016).  Similarly, requests for information

regarding a Border Patrol agent should have been sent to the Customs and Border Protection ("CBP") agency component, addressed to: FOIA Officer/Public Liaison Sabrina Burroughs, 1300 Pennsylvania Avenue, NW, Room 3.3D, Washington, D.C. 20229.  *Id*.  Alternatively, if Plaintiff was unable to determine the component to which her request should be conveyed, DHS regulations instruct that she should have sent her request to "the Departmental Disclosure Officer, Department of Homeland Security, Washington, DC 20528."  6 C.F.R. § 5.3(a).

As Plaintiff failed to submit a proper request by complying with either alternative under the regulations, she has failed to exhaust her administrative remedies and judgment in favor of DHS is warranted as a matter of law.  *See Kessler v. United States*, 899 F. Supp. 644, 645 (D.D.C. 1995) (when a plaintiff "did not address and mail his FOIA request to the office of the official who [was] responsible for the control of the records requested," he "failed to make a proper request under [] FOIA and therefore [ ] failed to exhaust his administrative remedies" such that "his complaint must be dismissed"); *Thorn v. Soc. Sec. Admin.*, No. CIV.A. 04-1282 (RJL), 2005 WL 1398605, at *3 (D.D.C. June 11, 2005) ("A FOIA request directed to the wrong office is subject to dismissal for the requester's failure to exhaust administrative remedies.").

Plaintiff argues that exhaustion of the administrative appeal process was unnecessary since the agency failed to respond to her request within twenty-one days of its receipt by Federal Defendants.  *See doc. 58* at 3-4.  It is true that, when an agency fails

to respond to a request within twenty working days, a requester shall generally be deemed to have constructively exhausted their administrative remedies and may therefore seek judicial review in federal district court.  *See* 5 U.S.C. § 552(a)(6)(C); *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003).  However, "[a]lthough Plaintiff is correct that taking [more than twenty days] to process a properly submitted FOIA request would trigger constructive exhaustion, Plaintiff's request was *not* properly submitted because it was sent to the [field] office of the [agency] rather than [the address set forth by federal regulations]."[2]  *Lowe v. Drug Enf't Admin.*, No. CIV.A. 06-1133 (CKK), 2007 WL 2104309, at *5 (D.D.C. July 22, 2007).  Additionally, where a plaintiff failed to submit a proper request, a subsequent agency response would trigger the requirement to exhaust the administrative appeals process even where such response is provided more than twenty days after a FOIA suit is initiated in federal court.  *Id*.; *see also* 6 C.F.R. § 5.9(a) (providing a process of administrative appeal for DHS denials of FOIA requests); *Oglesby*, 920 F.2d at 65 ("foregoing an administrative

---

[2] Plaintiff's assertion that Federal Defendants thereafter conveyed her requests to the FOIA Division of CBP on April 29, 2015 (*see doc. 58* at 3) is irrelevant even if true.  *See Thomas v. Fed. Commc'ns Comm'n*, 534 F. Supp. 2d 144, 146 (D.D.C. 2008) (Where Plaintiff had sent a correspondence eventually received by the agency, granting summary judgment in agency's favor "[i]n the absence of any evidence that plaintiff submitted a proper FOIA request to which defendant would have been obligated to respond").  This is because the actions undertaken voluntarily by individual federal employees cannot relieve Plaintiff of her personal obligation to comply with applicable regulations in order to make a proper FOIA request.  *See Calhoun*, 693 F. Supp. 2d at 91; *Kessler*, 899 F. Supp. at 645.  Absent a properly submitted request, the twenty-day period by which an agency must respond is not triggered for purposes of constructive exhaustion.  *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 184 (D.C. Cir. 2013) (holding that the twenty-day statutory timeline begins "once an agency receives a proper FOIA request").

appeal will preclude the [FOIA] requester from ever bringing suit on that request because the individual will not have exhausted his administrative remedies . . .").  Here, Federal Defendants assert that DHS provided a response to Plaintiff's request on January 8, 2016, confirming that it had conducted a search for responsive documents and explaining the legal basis under which it was withholding the requested information.  *Doc. 43* at 1-2, 5-8.  Plaintiff does not appear to dispute this assertion, instead arguing that voluntary disclosures do not relieve an agency of its FOIA responsibilities and challenging DHS' assertion that the requested information is subject to exemptions under FOIA.  *See doc. 58* at 4-5.  As such, it is undisputed that Plaintiff's request is now ripe for administrative appeal rather than judicial review.  *See* 6 C.F.R. § 5.9 (a); *see also* D.N.M.LR-Civ. 56.1(b) (all material facts set forth in the motion and response which are not specifically controverted are deemed undisputed).

I conclude that undisputed evidence in the record establishes that Plaintiff has failed to exhaust her administrative remedies by failing to provide a proper request to the applicable agency and by failing to seek administrative appeal following an agency response.  Accordingly, I find that DHS is entitled to judgment as a matter of law and recommend that this Court grant the motion for summary judgment in its favor.

## V. MOTIONS TO DISMISS FOIA CLAIMS BY CARLSBAD DEFENDANTS, DEFENDANT BROOKRESON, AND EDDY COUNTY DEFENDANTS

Carlsbad Defendants and Defendant Brookreson seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) on that basis that this Court lacks subject matter

jurisdiction due to FOIA's inapplicability to cities and their officials.  *See doc. 7; doc.  20* at 1-3.  Similarly, in their Response to Plaintiff's Petition for Writ of Mandamus, Eddy County Defendants claim that the court lacks subject matter jurisdiction on the basis that Plaintiff's federal question claims are not applicable to them.  *See doc. 69* at 3.  They assert further that the only applicable causes of actions against them are Plaintiff's state-law IPRA claims, which cannot be adjudicated in federal court absent a federal question or diversity jurisdiction.  *Id.* at 3-4.  Ultimately, I find that FOIA's obvious inapplicability to these Defendants renders Plaintiff's federal claim frivolous, warranting dismissal for want of jurisdiction.

As an initial matter, the undersigned distinguishes a lack of subject matter jurisdiction from a challenge to the ability of Plaintiff to state a claim for relief.  *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996) (noting that "[g]enerations of jurists have struggled with the difficulty of distinguishing between Rules 12(b)(1) and 12(b)(6) in federal question cases").  As discussed above, the motion by Federal Defendants could be properly evaluated under either standard, as the United States government and its employees acting within the scope of their employment enjoy immunity except where explicitly authorized by statute.  *See Meyer*, 510 U.S. at 475; *Harbury* 444 F. Supp. 2d at 28.  However, municipal entities and their officials enjoy no such privilege in this case.  *See Owen v. City of Indep., Mo.*, 445 U.S. 622, 641-45 (1980) (holding that municipalities and their officers are not immune from suits

18

arising from ministerial duties).  As such, challenges posed to the applicability of federal statutes do not generally implicate the Court's jurisdiction, and are instead evaluated as part of the merits.  *Nowak*, 81 F.3d at 1189 ("[I]n cases where the asserted basis for subject matter jurisdiction is also an element of the plaintiff's allegedly federal cause of action, we ask only whether—on its face—the complaint is drawn so as to seek recovery under federal law or the Constitution.  If so, then we assume or find a sufficient basis for jurisdiction, and reserve further scrutiny for an inquiry on the merits."); *see also Lewis v. Knutson*, 699 F.2d 230, 237 (5th Cir. 1983).  Here, Plaintiff has asserted in her Complaint that she is entitled to the relief sought on the basis of each named Defendant's obligations under FOIA, a federal statute.  *See generally doc. 1.*  As such, challenges to the applicability of FOIA towards certain defendants are most appropriately examined in terms of failure to state a claim.  *Nowak*, 81 F.3d at 1189.

Despite this general principle, claims brought under federal-question jurisdiction "may sometimes be dismissed for want of jurisdiction" where such federal claims are "wholly insubstantial and frivolous."  *Bell v. Hood,* 327 U.S. 678, 682-83 (1946).  An argument contained in a complaint "is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Here, both the text of the statute and the myriad of cases addressing this question make indisputably clear that Plaintiff's FOIA claim does not create a right to relief against these Defendants.  *See* 5 U.S.C. §§ 551(1); 552 (f); *Pennyfeather v. Tessler*, 431 F.3d 54, 56 (2d Cir. 2005) (internal

quotation marks omitted) ("Under FOIA . . . there is no private right of action against an official or employee of a municipal or state, rather than a federal, agency."); *see also, e.g,* *Moreno v. Curry*, No. 4:06-CV-238-Y, 2006 WL 3207984, at *2 (N.D. Tex. Nov. 7, 2006); *Lathrop v. Juneau & Associates, Inc. P.C.*, 220 F.R.D. 322, 327 (S.D. Ill. 2004); *Esseily v. Giuliani*, No. 00CIV.5271(BSG), 2000 WL 1154313, at *1 (S.D.N.Y. Aug. 14, 2000).

In light of these well-settled holdings, the undersigned is unpersuaded by Plaintiff's assertion that municipal employees are somehow subject to the statutory obligations imposed upon federal agencies merely because they coordinated efforts with such agencies and because their municipalities fall within the physical boundaries of the territorial United States.  *See doc. 38* at 1-2; *doc. 39* at 1-2; *doc. 56 at 2-3.*  Regardless of location or coordination, state governments and their local entities constitute separate sovereigns from the federal government, rather than mere subdivisions.  *See Alden v. Maine*, 527 U.S. 706, 713-15 (1999).  Accordingly, a municipal employee cannot be considered an agent of a federal entity for purposes of transposing statutory obligations, particularly where the statute in question explicitly defines the entities to which it is applicable.  *See* 5 U.S.C. § 552(f); *Occupy Nashville v. Haslam*, 769 F.3d 434, 440 (6th Cir. 2014).  Plaintiff's alternative claim, that federal-question jurisdiction is obtained due to local law enforcement officers' oath to the federal Constitution, is equally unavailing.  *See doc. 70* at 1-2; *doc. 71* at 7-8.  In order to provide jurisdiction, the case and controversy itself must stem from a right conferred or substantial question created

by federal law.  *Williams v. Bd. of Regents of Univ. of New Mexico*, 990 F. Supp. 2d 1121, 1132 (D.N.M. 2014).  Here, Plaintiff's claims as to these Defendants involve alleged failure to provide requested documentation in violation of the New Mexico Constitution and state statutes.  *See, e.g., doc. 1* at 3, 16-25; *doc. 71* at 2-7.  As such, no federal question is implicated by the dispute.

Accordingly, I recommend finding that dismissal of Plaintiff's FOIA claims is proper as to Carlsbad Defendants, Defendant Brookreson, and Eddy County Defendants for lack of jurisdiction.[3]

## VI.   MOTIONS TO DISMISS STATE-LAW IPRA CLAIMS BY CARLSBAD DEFENDANTS, DEFENDANT BROOKRESON, AND EDDY COUNTY DEFENDANTS

Carlsbad Defendants, Defendant Brookreson, and Eddy County Defendants contend that, following dismissal of all claims arising under federal law, the Court should not exercise jurisdiction over Plaintiff's remaining IPRA claims based on New Mexico state law.  *See doc. 7* at 1, 4; *doc. 20* at 2-3; *doc. 69* at 3-4.  Generally speaking, the mere fact that a particular claim is based upon state law will not necessarily preclude federal jurisdiction, as federal district courts maintain supplemental jurisdiction to hear

---

[3] Defendant Brookreson and Eddy County Defendants have also sought dismissal on the alternative grounds of insufficient service of process and mootness, respectively.  *See docs. 20, 69.*  However, as the undersigned has already recommended dismissal on the basis that the court lacks subject matter jurisdiction, I decline to address these issues.  *See U.S. ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.,* 190 F.3d 1156, 1162 n.7 (10th Cir. 1999) (declining to address remaining arguments after dispositive determination regarding subject matter jurisdiction).

claims related to those over which the court possesses original jurisdiction.  28 U.S.C. §

1367(a).  However, the Court may decline the exercise of such jurisdiction where "the

district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C.

§ 1367 (c)(3).  Indeed, "[w]hen all federal claims have been dismissed, the court may,

and usually should, decline to exercise jurisdiction over any remaining state claims".

*Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid*

*ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998)).

Here, as the undersigned has recommended granting summary judgment on

behalf of DHS for failure to exhaust and dismissing Plaintiff's FOIA claims against all

Defendants, the only remaining claims are Plaintiff's state-law IPRA claims.

Accordingly, I recommend that this Court decline to exercise jurisdiction over Plaintiff's

remaining state-law claims, which should be adjudicated in New Mexico state court.

*See Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) ("There are of course the best of

reasons for a district court's deferral to a state court rather than retaining and disposing

of state law claims itself . . . [n]otions of comity and federalism demand that a state

court try its own lawsuits, absent compelling reasons to the contrary").

## V.   CONCLUSION

For the foregoing reasons, I recommend that the Court GRANT Defendants

Blaine Rennie's and Sergeant FNU Burns' Motion to Dismiss (*doc. 7*), Defendant Michael

Brookreson's Motion to Dismiss (*doc. 20*), and Defendants Lisa Keyes', Stephanie

Legaretta's, Lee Whittis', and Anna Martinez's Motion to Dismiss (*doc. 42*), and

DISMISS all of Plaintiff's claims against these named Defendants without prejudice.

 I further recommend that the Court GRANT Defendants Lisa Keyes', Stephanie

Legaretta's, Lee Whitis', and Anna Martinez's Motion for Summary Judgment in favor

of the Department of Homeland Security (*doc. 42*) and DISMISS Plaintiff's claims

applicable to DHS without prejudice.[4]

 Finally, I recommend that the Court SUSTAIN Defendants Scott London's and

Ernest Mendoza's Response and Objections to Plaintiff's Petition (*doc. 69*) and DISMISS

Plaintiff's Petition against these Defendants without prejudice.

<br>

          _____

          GREGORY B. WORMUTH
          UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

[4] Grants of Summary Judgment generally constitute decisions on the merits subject to dismissal with prejudice. *See Wheeler v. Hurdman*, 825 F.2d 257, 259 n. 5 (10th Cir. 1987). However, where judgment is granted for failure to exhaust administrative remedies, it is appropriate to dismiss without prejudice in order to allow a plaintiff to reassert their claims after exhausting such remedies. *See*, e.g., *Hayward v. Brill*, 163 F. App'x 667, 669 (10th Cir. 2006); *Chase v. Conner*, 107 F. App'x 827, 828 (10th Cir. 2004).