IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEANNA S. ADAMO,

    Plaintiff,

v.                                                   Civ. No. 15-971 JB/GBW

RAYMOND L. ROMERO, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATIONS

This matter is before the Court on Defendants Honorable Raymond L. Romero, Eric Ellis, Attorney General Hector Balderas, Attorney General Gary King, Owen Pena, Honorable Henry Casteneda, Richard Van Dyk, and Sherry Meyers ("Defendants")' Motion to Dismiss (*doc. 80*).  Being fully advised, I recommend that the Court grant the Motion.

**I.    PROCEDURAL POSTURE**

Plaintiff Jeanna Adamo, proceeding *pro se*, filed a Complaint against various federal, state, and local officials alleging their failure to comply with public records requests, as required under the federal Freedom of Information Act ("FOIA") and the New Mexico Inspection of Public Records Act ("IPRA").[1]  *See generally doc. 1.*

---

[1] Plaintiff characterized her suit solely as a Petition for a Writ of Mandamus.  *Doc. 1.*  A party seeking issuance of a Writ of Mandamus must demonstrate that there is no other adequate remedy available.  *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990).  IPRA explicitly provides that a Writ of Mandamus

1

Plaintiff initiated suit in this Court on October 26, 2015. *Doc. 1*. On June 8, 2016, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. *Doc. 80*. Plaintiff did not file a timely response.

## II.   FACTUAL ALLEGATIONS

Plaintiff is a New Mexico resident domiciled in Carlsbad, Eddy County. *Doc. 1* at 4. On or about April 7, 2015, Plaintiff submitted a "Praecipe" to various identified state officials and law enforcement officers allegedly involved in the preparation, approval, and execution of "Search Warrant SW-2012-1, issued June 13, 2012, carried out at 504 Oakwood Drive, Carlsbad, New Mexico on June 19, 2012; and Case Nos: M-17-FR-2013-00129 and D-503-CR-2Q14-00198." *Doc. 1* at 4, 14. This document was identified as a request pursuant to FOIA, 5 U.S.C. § 552, and IPRA, N.M. Stat. § 14-2, seeking certified copies of each official's "oaths of office," "bonds underwriting the oaths and duties" of office, and "all qualifications required under the New Mexico Constitution" in order for those officials to "affirmatively prove" their authority to act as government officers and agents. *Id.* at 15, 17.

---

is an appropriate vehicle for obtaining relief. N.M. Stat. Ann. § 14-2-12(B). However, FOIA provides an independent statutory remedy in the form of a civil action against the applicable agency to compel disclosure of records. *See* 5 U.S.C. § 552(a)(4)(B). Accordingly, the Petition for Writ of Mandamus is improper with regard to Plaintiff's FOIA claims. *See Evans v. McConnell*, No. CIV.A 08-97J, 2009 WL 1913293, at *3 (W.D. Pa. July 2, 2009) ("[T]he proper vehicle for FOIA enforcement is a civil lawsuit under FOIA and not a petition for writ of mandamus."). Nonetheless, construing the filing with the leniency afforded *pro se* parties, the Court interprets Plaintiff's submitted document as a civil complaint for the FOIA relief sought. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

There is no dispute that Defendants are current and former employees of the State of New Mexico: Defendants Hector Balderas and Gary King are the current and former Attorney Generals of the State of New Mexico; Defendant Owen Pena is a state law enforcement official employed by the New Mexico Office of the Attorney General; Defendant Raymond L. Romero is a state district judge for the Fifth Judicial District Court of New Mexico; Defendant Henry Casteneda is a state magistrate judge for the city of Carlsbad, New Mexico; and Defendants Eric Ellis, Richard Van Dyk, and Sherry Meyers were at all relevant times state clerks of court for the Eddy County Courthouse and Carlsbad Magistrate Court. *See doc. 80* at 5-6.

With regard to Defendants Balderas, King, and Pena, the Office of the Attorney General (OAG) provided what they claim to be all responsive documents maintained by the OAG and forwarded the request to the New Mexico Secretary of State. *Docs. 80-1; 80-2*. Defendants Romero and Ellis also provided what they claim to be all responsive documents. *Doc. 80-3*. As of the filing of her Complaint, Plaintiff asserted that she "received oaths of office from a few of the respondents, but none have supplied all of the [] requested documents." *Doc. 1 at 4*. Concluding that Defendants "refused to respond to the FOIA and public records request," Plaintiff brought the present action. *Id.* Plaintiff seeks injunctive relief in the form of an order requiring Defendants to "produce all necessary and required Oaths, Qualifications and Bonds," and also seeks

compensatory redress "for [her] time and effort and for any and all attorney['s] fees incurred within this action." *Id.* at 5.

### III.  DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOIA CLAIMS

Defendants assert that Plaintiff's FOIA claims should be dismissed against them on the basis that FOIA does not create a right of action against state officers and because the *Rooker-Feldman* doctrine precludes nullifying a state court decision.  *Doc. 80* at 5-8. Defendants claim that, because of these flaws, the allegations do not fall within the Court's subject matter jurisdiction and the Complaint fails to state a claim upon which relief can be granted.  *Id*.  Defendants further assert that the only applicable causes of actions against them are Plaintiff's state-law IPRA claims, which cannot be adjudicated in federal court absent a federal question or diversity jurisdiction.  *Id.* at 6-7.[2]  Plaintiff did not respond to this motion.  Ultimately, I recommend concluding that the Court does not possess jurisdiction and that Plaintiff has failed to state a claim for relief, entitling Defendants to dismissal.

---

[2] In addition to these three briefed arguments, Defendants also suggest in passing that dismissal is proper due to the judicial immunity of state court employees and sovereign immunity of state executive officials. *See doc. 80* at 5.  These arguments potentially provide an alternative ground justifying dismissal of Plaintiff's Complaint.  *See, e.g. Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (holding that "[a] judge acting in his judicial capacity is absolutely immune" from suits, so long as they possess jurisdiction over a given matter); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (federal suits against state officials in their official capacity are considered suits against the state and thus subject to Eleventh Amendment immunity).  However, as these arguments are not fully developed and are unnecessary to find in favor of the Defendants, I recommend that the Court decline to address them.  *See, e.g., SST Global Tech., LLC v. Chapman*, 270 F. Supp. 2d 444, 457 (S.D.N.Y. 2003) (declining to address an argument because it "is not necessary to resolution of the [claim]"); *In re Byker*, 64 B.R. 640, 642 (Bankr. N.D. Iowa 1986).

### A. Legal Standard

#### i. Motions to Dismiss under Rule 12(b)(1)

A 12(b)(1) motion is the proper avenue to challenge the court's subject matter jurisdiction, and Rule 12(h)(3) requires that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. Fed. R. Civ. P. 12(b)(1), (h)(3). Such motions may take one of two forms. First, "a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). In reviewing motions of this type, "a district court must accept the allegations in the complaint as true." *Id*. Second, "a party may go beyond allegations contained in the complaint and challenge facts upon which subject matter jurisdiction depends. *Id.* In evaluating motions brought under the second form, the Tenth Circuit explained:

> When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

*Id.* (internal citations omitted). Accordingly, this Court reviews the face of the complaint and any relevant external materials to determine whether Plaintiff has presented claims within the Court's jurisdiction, a necessary prerequisite for adjudication on the merits. Fed. R. Civ. P. 12(b)(1); *see also Fleming v. Gutierrez*, 785 F.3d

5

442, 444 (10th Cir. 2015) (holding that lack of subject matter jurisdiction precludes reaching the merits of a dispute).

> ii. Motions to Dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint for failure to state a claim upon which the Court can grant relief. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and must view them in the light most favorable to the nonmoving party. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id*.

To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason

to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

The Court need only evaluate allegations "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Further, the Court is not required to accept conclusions of law or the asserted application of law to the alleged facts. *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994). Following these principles, the Court considers whether the facts "plausibly give rise to an entitlement to relief." *Barrett v. Orman*, 373 F. App'x 823, 825 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677-78).

   iii. *Pro se* Pleadings

The Court notes that pleadings submitted by an individual proceeding *pro se* are held to a less stringent standard than those prepared by attorneys. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A "pro se document is to be liberally construed," and can be dismissed for failure to state a claim only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). "This liberal construction, however, will not relieve plaintiff of his burden of presenting sufficient facts to state a legally cognizable claim." *White v. State of Colo.*, 82 F.3d 364, 366 (10th Cir. 1996); *see also Hall*, 935 F.2d at 1110.

**B. Analysis**

    i. *FOIA Claims*

As noted, Plaintiff brought suit against several officials identified as employees of the executive and judicial branch of the state of New Mexico in order to compel production of information relating to their oaths, bonds, and qualifications. *See doc. 1* at 1-2, 4. Defendants assert that, because FOIA does not create a right of action against officials employed by a state, Plaintiff's claims against them should be dismissed. Generally, challenges to the applicability of FOIA towards certain defendants are most appropriately examined in terms of failure to state a claim. *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1189 (2d Cir. 1996). However, such claims brought under federal-question jurisdiction may also be "dismissed for want of jurisdiction" where such federal claims are "wholly insubstantial and frivolous." *Bell v. Hood,* 327 U.S. 678, 682-83 (1946).

FOIA "vests jurisdiction in federal district courts to enjoin an 'agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). Agency in this context refers to "each authority of the Government of the United States," and FOIA specifically defines the term to include "any executive department, military department, Government corporation, Government controlled corporation, or other

8

establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." *See* 5 U.S.C. § 551(1); 5 U.S.C. § 552 (f)(1). Here, both the text of the statute and the myriad of cases addressing this question make indisputably clear that Plaintiff's FOIA claim does not create a right to relief against these Defendants. *See* 5 U.S.C. §§ 551(1); 552 (f); *Pennyfeather v. Tessler*, 431 F.3d 54, 56 (2d Cir. 2005) (internal quotation marks omitted) ("Under FOIA . . . there is no private right of action against an official or employee of a municipal or state, rather than a federal, agency."); *Davidson v. Georgia,* 622 F.2d 895, 897 (5th Cir.1980) (stating "the Freedom of Information Act has no application to state governments"); *see also, e.g, Moreno v. Curry*, No. 4:06-CV-238-Y, 2006 WL 3207984, at *2 (N.D. Tex. Nov. 7, 2006); *Lathrop v. Juneau & Associates, Inc. P.C.*, 220 F.R.D. 322, 327 (S.D. Ill. 2004); *Esseily v. Giuliani*, No. 00CIV.5271(BSG), 2000 WL 1154313, at *1 (S.D.N.Y. Aug. 14, 2000).

In light of these well-settled holdings, I recommend finding that dismissal of Plaintiff's FOIA claims for lack of jurisdiction is proper as to these Defendants.

    ii.  *State-Law IPRA Claims*

Defendants contend that, following dismissal of all FOIA claims arising under federal law, the Court does not possess jurisdiction over Plaintiff's remaining IPRA claims, which are based on New Mexico state law. *See doc. 80* at 6-7. Generally speaking, the mere fact that a particular claim is based upon state law will not necessarily preclude federal jurisdiction, as federal district courts maintain

supplemental jurisdiction to hear claims related to those over which the court possesses original jurisdiction. 28 U.S.C. § 1367(a). However, the Court may decline the exercise of such jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367 (c)(3). Indeed, "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011).

Here, as the undersigned has recommended dismissing Plaintiff's FOIA claims against all Defendants, the only remaining claims are Plaintiff's state-law IPRA claims. Accordingly, I recommend that this Court decline to exercise jurisdiction over Plaintiff's remaining state-law claims, which should be adjudicated in New Mexico state court. *See Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) ("There are of course the best of reasons for a district court's deferral to a state court rather than retaining and disposing of state law claims itself . . . . Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary").

V.     CONCLUSION

For the foregoing reasons, I recommend that the Court GRANT Defendants' Motion to Dismiss (*doc. 80*), and DISMISS all of Plaintiff's claims against these named Defendants without prejudice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**