IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEANNA S. ADAMO,

    Plaintiff,

v.                                                                             No. CIV 15-0971 JB/GBW

RAYMOND L. ROMERO, DAVIS
RUTHERFORD RUARK, DREW INMAN,
DEBRA LAUTENSCHLAGER, BLAINE
RENNIE, HENRY CASTANEDA, ERIC ELLIS,
SHERRY MEYERS, OWEN PENA, HECTOR
BALDERAS, GARY KING, SCOTT LONDON,
ERNEST MENDOZA, LISA KEYES,
STEPHANIE LEGARETTA, LEE WHITIS,
ANNA MARTINEZ, MICHAEL BROOKRESON,
RICHARD VAN DYK, FNU BURNS, ABC
GOVERNMENTAL AGENCIES 1-10, CITY OF
CARLSBAD, and CITY OF CARLSBAD POLICE
DEPT.,

    Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Report and Recommendations, filed April 27, 2016 (Doc. 73)("First PFRD"); and (ii) the Magistrate Judge's Report and Recommendations, filed June 28, 2016 (Doc. 81)("Second PFRD")(collectively, "PFRDs"). In the PFRDs, the Honorable Gregory B. Wormuth, United States Magistrate Judge, recommended the following: (i) granting Defendants Blaine Rennie's and Sergeant Burns' Amended Rule 12(b)(1) Motion to Dismiss Based on Lack of Subject Matter Jurisdiction, filed December 21, 2015 (Doc. 7); (ii) granting Defendant Michael Brookreson's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed January 7, 2016 (Doc. 20); (iii) granting Defendants Lisa Keyes', Stephanie Legaretta', Lee Whitis', and Anna Martinez' Motion to

Dismiss and for Summary Judgment, filed February 1, 2016 (Doc. 42), in favor of the Department of Homeland Security; (iv) sustaining Respondents Scott London and Ernest Mendoza's Response and Objection to Petition for Writ of Mandamus, filed March 24, 2016 (Doc. 69), and dismissing Plaintiff's Petition against them; and (v) granting Defendants Honorable Raymond L. Romero's, Eric Ellis', Attorney General Hector Balderas', Attorney General Gary King's, Owen Pena's, Honorable Henry Casteneda's, Richard Van Dyk's, and Sherry Meyers's Motion to Dismiss Amended Complaint, filed June 8, 2016 (Doc. 80).  Despite being granted a requested extension to do so, Plaintiff did not file objections to the PFRDs, instead submitting an Amended Complaint on the day her objections were due.  See Order Granting Motion for Extension to File Objections to the Report and Recommendations, filed May 12, 2016 (Doc. 77); Plaintiff Jeanna Adamo's First Amended Complaint, filed July 15, 2016 (Doc. 82)("Amended Complaint").  Upon review, the Court will adopt the PFRDs and grant the Defendants' Motions.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement.").  Rule 72(b)(2) governs objections:  "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify

the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known As: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996) ("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[1] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted). "[O]nly an objection that is

---

[1]Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known As: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996) ("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[1] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted). "[O]nly an objection that is

---

[1]Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795,796 (10th Cir. 2007)(unpublished).[2]

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard,

---

[2]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The United States Court of Appeals for the Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

> when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976) (hereinafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereinafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added) (hereinafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C)), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit has also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to

- 5 -

findings and recommendations.")(citations omitted).  Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask.  [A failure to object] does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard").  In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, "on [] dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing."  United States v. Raddatz, 447 U.S. 667, 674 (1980).  The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation."  In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).  The Supreme Court of the United States has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's proposed findings and recommendations.  See United States v. Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)); Bratcher v. Bray-

Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate, . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'")(quoting 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. at 676)(emphasis omitted).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [proposed findings and recommended disposition]," the Court nevertheless conducted such a review. 2012 WL 6846401, at *3. The Court generally does not, however, review the Magistrate Judge's proposed findings and recommended disposition de novo, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously][3] contrary to law, or an abuse of

---

[3]The Court previously used as the standard for review when a party does not object to the Magistrate Judge's proposed findings and recommended disposition whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion,"

discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at *3. This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## ANALYSIS

As indicated above, Adamo has failed to submit objections to either of the Magistrate Judge's PFRDs within the time allotted. The Court recognizes that, subsequent to the PFRDs,

---

thus omitting "obviously" in front of contrary to law. Solomon v. Holder, CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); O'Neill v. Jaramillo, CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. Jan. 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3; Galloway v. JP Morgan Chase & Co., CIV 12-0625 JB/RHS, 2013 WL 503744 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion."). The Court does not believe that "contrary to law" accurately reflects the deferential standard of review that the Court intends to use when there is no objection. Finding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required when a party objects to the recommendations only. The Court believes adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations. Going forward, therefore, the Court will, as it has done for some time now, review Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

Adamo filed an Amended Complaint.  See Amended Complaint at 1.  Even with the liberal construction applicable to *pro se* filings, however, the Amended Complaint does not constitute an objection.  Most importantly, the Amended Complaint does not dispute any proposed findings or recommendations in the PFRDs, or the bases for those recommendations.  As discussed, a plaintiff who does not state his or her objections to a PFRD with specificity and clarity waives such objections.  See One Parcel, 73 F.3d at 1060-61; Edwards v. Bd. of Educ. for the Las Cruces Pub. Sch., No. CIV 14-0571 JB/WPL, 2015 WL 6393681, at *2 (D.N.M. Sept. 28, 2015).  In fact, to the extent that the Amended Complaint has any relationship to the PFRDs, it appears to concede some of the deficiencies that the PFRDs identified by more appropriately delineating the state Defendants, from whom records are sought pursuant to the New Mexico Inspection of Public Records Act, N.M. Stat. Ann. §§ 14-2-1 to 14-2-12 ("IPRA"), from the federal Defendants, which Adamo sues pursuant to obligations under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  See Amended Complaint at 5-7.

The Amended Complaint, however, does not address the PFRDs' conclusions that Adamo's FOIA claims are premature because of her failure to exhaust administrative remedies and that this Court lacks jurisdiction to address her remaining state-law claims absent a continuing federal dispute.  See Amended Complaint; First PFRD at 12-17, 21-22; Second PFRD at 9-10.  Under these circumstances, the Amended Complaint does not constitute an objection under 28 U.S.C. § 636(b)(1)(c).  The Court will therefore review the PFRDs only to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  Having concluded that the PFRDs fail none of these standards, the Court adopts Judge Wormuth's PFRDs.  See Hidalgo v. FBI, 344 F.3d 1256, 1258-60 (D.C. Cir. 2003)(holding that exhaustion is a mandatory prerequisite under FOIA and failure to exhaust administrative

remedies warrants dismissal of claims as a matter of law); Koch v. City of Del City, 660 F.3d 1228, 1248 (10th Cir. 2011)(holding that a district court should decline to exercise jurisdiction over remaining state claims after all federal claims have been dismissed).

Turning to the Amended Complaint itself, the Court finds as an initial matter that Adamo did not properly amend her pleading in accordance with the federal rules, as more than twenty-one days have passed since service of the original complaint or responsive rule 12 of the Federal Rules of Civil Procedure motions, and Adamo failed to obtain the opposing parties' consent or the Court's leave. See Fed. R. Civ. P. 15(a)(1)-(2). Further, even if Adamo had properly sought leave, the Court would have denied leave. The grant or denial of an opportunity to amend is within the district court's discretion, but, in accordance with rule 15(a), the Court should grant leave unless there is undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment. See Foman v. Davis, 371 U.S. 178, 182, (1962). Upon review, the Court finds that Adamo's proposed amendments would be futile.

Adamo has not challenged the April 27, 2016 PFRD's finding that she failed to exhaust administrative remedies as to her FOIA claims brought against federal agencies. See First PFRD at 12-17. This deficiency renders her FOIA claims unripe for judicial review. See Hidalgo v. FBI, 344 F.3d at 1258-60; Wilbur v. CIA, 355 F.3d 675, 676 (D.C. Cir. 2004)(per curiam). It is true that dismissal for failure to exhaust administrative remedies should be without prejudice, allowing a plaintiff to re-file a claim after curing deficiencies. See Hayward v. Brill, 163 F. App'x 667, 669 (10th Cir. 2006); Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv., 61 F. Supp. 3d 1013, 1085 (D.N.M. 2014). Until any evidence or pleading indicates that Adamo has actually exhausted her administrative remedies, however, the Court should deny a request to

amend her complaint.  See, e.g., Culp v. Williams, No. 10-CV-00886-CMA-CBS, 2011 WL 1982011, at *2 (D. Colo. May 19, 2011); Ponce v. Billington, 652 F. Supp. 2d 71, 73 (D.D.C. 2009).  In addition, Adamo's failure to present a justiciable federal dispute would counsel that the Court should decline jurisdiction to adjudicate her purely state law claims based upon the same transaction or occurrence.[4]  See Koch v. City of Del City, 660 F.3d at 1248; Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995).  Adamo's amendment would thus be futile, and the Court therefore denies it.  See Foman v. Davis, 371 U.S. at 182.

**IT IS ORDERED** that: (i) the Magistrate Judge's Report and Recommendations, filed April 27, 2016 (Doc. 73)("First PFRD"), and the Magistrate Judge's Report and Recommendations, filed June 28, 2016 (Doc. 81)("Second PFRD"), are adopted; (ii) Defendants Blaine Rennie's and Sergeant Burns' Amended Rule 12(b)(1) Motion to Dismiss Based on Lack of Subject Matter Jurisdiction, filed December 21, 2015 (Doc. 7), is granted; (iii) Defendant Michael Brookreson's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed January 7, 2016 (Doc. 20), is granted; (iv) Defendants Lisa Keyes', Stephanie Legaretta', Lee Whitis', and Anna Martinez' Motion to Dismiss and for Summary Judgment, filed February 1, 2016 (Doc. 42), is granted in favor of the Department of Homeland Security; (v) Defendants Honorable Raymond L. Romero's, Eric Ellis', Attorney General Hector Balderas', Attorney General Gary King's, Owen Pena's, Honorable Henry Casteneda's, Richard Van Dyk's, and

---

[4]In her Amended Complaint, Adamo has also included an alternative ground for jurisdiction over her state law claims. See Amended Complaint at 5.  She explains that, because she has moved to Texas, there exists diversity of citizenship between her and the New Mexican defendants. See Amended Complaint at 1, 5.  The parties' state citizenship at the time the suit is initiated, however, determines diversity. See Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 570-72, (2004); Siloam Springs Hotel, L.L.C. v. Century Sur. Co., 781 F.3d 1233, 1239 (10th Cir. 2015).  According to her initial Complaint, Adamo was a citizen of the state of New Mexico, residing in Carlsbad, Eddy County. See Petition for a Writ of Mandamus at 4, filed October 26, 2015 (Doc. 1).  Accordingly, notwithstanding her claimed change in domicile, there is no basis for diversity jurisdiction.

Sherry Meyers's Motion to Dismiss Amended Complaint, filed June 8, 2016 (Doc. 80), is granted; (vi) Respondents Scott London and Ernest Mendoza's Response and Objection to Petition for Writ of Mandamus, filed March 24, 2016 (Doc. 69), is sustained and the Plaintiff's Petition against them is dismissed; (vii) all claims against these Defendants are dismissed without prejudice; and (viii) the Plaintiff's First Amended Complaint, filed July 15, 2016 (Doc. 82), is hereby stricken as improperly filed, and leave to amend is denied as futile.[5]

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Jeanna S. Adamo
Bonham, Texas

    *Plaintiff pro se*

Joshua R. Granata
New Mexico Attorney General's Office
Santa Fe, New Mexico

    *Attorney for Defendants Raymond L. Romero, Davis Rutherford Ruark, Drew Inman, Debra Lautenschlager, Henry Cataneda, Eric Ellis, Sherry Meyers, Owen Pena, Hector Balderas, Gary King, and Richard Van Dyk*

---

[5]This conclusion also resolves and disposes of the Defendants' subsequent Answers, Affirmative Defenses, and various Motions to Dismiss or Strike Plaintiff's Amended Complaint. See Defendant Michael Brookreson's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Subject Matter Jurisdiction or in the Alternative a Motion to Strike, filed July 26, 2016 (Doc. 84); Defendants Blaine Rennie's and Sergeant Burns' Motion to Strike or, in the Alternative, Motion to Dismiss Plaintiff Jeanna Adamo's First Amended Complaint, filed July 29, 2016 (Doc. 85); Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Subject Matter Jurisdiction or, in the Alternative, Motion to Strike Plaintiff's First Amended Complaint, filed August 1, 2016 (Doc. 87); The Officer of the Governor, State of New Mexico's Answer to Plaintiff's First Amended Complaint, filed August 4, 2016 (Doc. 89); Defendants City of Carlsbad's and City of Carlsbad Police Department's Motion to Dismiss Plaintiff Jeanna Adamo's First Amended Complaint, filed August 4, 2016 (Doc. 90).

Richard E. Olson
Alyssa Dawn Rogers
Hinkle, Hensley, Shanor & Martin, LLP
Roswell, New Mexico

    *Attorneys for Defendants Blaine Rennie and FNU Burns*

Andrew Lambert Johnson
Keleher & McLeod, P.A.
Albuquerque, New Mexico

-- and --

Grace Philips
Peter S. Auh
New Mexico Association of Counties
Santa Fe, New Mexico

-- and --

Patrick F. Trujillo
Bernalillo, New Mexico

    *Attorneys for Defendants Scott London and Ernest Mendoza*

Manuel Lucero
United States Attorney's Office
Albuquerque, New Mexico

    *Attorney for Defendants Lisa Keyes, Stephanie Legaretta, Lee Whitis, and Anna Martinez*

Roberta A. Cabello
Thomas R.A. Limon
City Attorney's Office
Las Cruces, New Mexico

    *Attorneys for Defendant Michael Brookreson*

Christopher T. Saucedo
Saucedo Chavez, P.C.
Albuquerque, New Mexico

-- and --

Moses B. Winston, V.
State of New Mexico General Services
Albuquerque, New Mexico

    *Attorneys for ABC Governmental Agencies 1-10*